**STATE of Tennessee, Appellee,**

v.

**Clifford ANDERSON, Appellant.**

Court of Criminal Appeals of Tennessee, at Jackson.

Sept. 30, 1982.

Permission to Appeal Dismissed by Supreme Court Dec. 13, 1982.

Richard Hulon Donnell, Jackson, for appellant.

William M. Leech, Jr., Atty. Gen., Raymond S. Leathers, Asst. State Atty. Gen., Nashville, W.R. Kinton, Jr., Dist. Atty. Gen., A.H. Schoonover and Clayburn Peeples, Asst. Dist. Attys. Gen., Trenton, for appellee.

## OPINION

BYERS, Judge.

The defendant was convicted of possession of marijuana with the intent to sell and received a sentence of eleven (11) months and twenty-nine (29) days and a fine of one thousand dollars ($1,000.00).

The defendant says the evidence is insufficient to support the verdict.

The judgment is affirmed.

The state's evidence shows the chief of police of Brownsville was using an undercover operator to ferret out drugs. In August of 1980, the chief gave this person ten dollars ($10.00) to make a purchase. The operator returned some twenty minutes later with what was described as a dime bag of marijuana. The chief ran a chemical field test on the material, and the test showed the material to be marijuana.

The undercover operator testified he purchased the marijuana from the defendant at a house where the defendant lived.

The defendant did not testify but presented one witness who said the defendant did not live at the place where the state's witness said he made the purchase.

The defendant's main contentions in attacking the evidence are based on the dispute between the undercover operator's testimony about the place of the buy and the defense witness's testimony regarding where the defendant lived and the claim the field test conducted by the chief of police was not sufficient to identify the material as marijuana.

The jury resolved the factual dispute in favor of the state and against the defendant. This Court will not set aside such finding where there is evidence to support the finding. *State v. Cabbage,* 571 S.W.2d 832 (Tenn.1978). There is evidence to support the finding in this case.

The testimony of the chief of police shows he was sufficiently competent to testify the material was marijuana. The chief had conducted chemical field tests on many occasions and was an instructor in how to conduct such tests. In addition, the record shows he could identify marijuana by appearance.

Where a law enforcement officer is experienced in narcotics investigation he may testify as to whether a substance is marijuana. *State v. Doelman,* 620 S.W.2d 96 (Tenn.Cr.App.1981). This Court has held the results of a field test are admissible to identify marijuana. *State v. Barry Allen Hill,* 638 S.W.2d 827, Dickson County, Tenn. Cr.App.1982.

The evidence supports the verdict beyond a reasonable doubt.

WALKER, P.J., and DUNCAN, J., concur.