IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
February 11, 2003 Session

## STATE OF TENNESSEE v. BRANDON RONALD CRABTREE

**Direct Appeal from the Criminal Court for Wilson County**
**Nos. 00-0848, 00-0849, & 99-0489     J. O. Bond, Judge**

---

**No. M2002-01470-CCA-R3-CD - Filed May 30, 2003**

---

Following a jury trial, Defendant, Brandon Ronald Crabtree, was found guilty of (1) selling marijuana, a Schedule VI controlled substance in an amount of not less than one-half ounce nor more than ten pounds, a Class E felony, and (2) selling a counterfeit controlled substance, a Class E felony. After a sentencing hearing, Defendant was sentenced to two years for each conviction, and the trial court ordered the sentences to be served consecutively. The trial court also determined at the sentencing hearing that Defendant was then (or at that time) on probation for a prior conviction and that Defendant was in violation of that probation. The trial court revoked Defendant's probation and ordered the original sentence of eighteen months to run consecutively to the sentences imposed for the two felony convictions for an effective sentence of five and one-half years. In his appeal, Defendant does not contest his conviction for selling a Schedule VI controlled substance. However, Defendant contends that the evidence was insufficient to sustain his conviction for the sale of a counterfeit controlled substance. Defendant also challenges the length of his sentences arguing that the trial court failed to follow the principles of the Tennessee Criminal Sentencing Reform Act of 1989 and failed to properly weigh mitigating and enhancing factors. After a careful review of the record, we affirm Defendant's conviction for the sale of a counterfeit controlled substance and affirm the trial court's judgments as to Defendant's sentences.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Criminal Court Affirmed**

THOMAS T. WOODALL, J., delivered the opinion of the court, in which JOSEPH M. TIPTON and JOE G. RILEY, JJ., joined.

Lawrence Alan Poindexter, Lebanon, Tennessee, for the appellant, Brandon Ronald Crabtree.

Paul G. Summers, Attorney General and Reporter; Helena Walton Yarbrough, Assistant Attorney General; Tom P. Thompson, Jr., District Attorney General; David Durham, Assistant District Attorney General; and Brian Fuller, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### 1. Sufficiency of the Evidence

Because Defendant does not challenge the sufficiency of the evidence pertaining to his conviction for the sale of marijuana, we will outline only those facts involving the transaction which led to his arrest for the sale of a counterfeit controlled substance. During part of 2000, John Welch worked as an informant for the Wilson County Sheriff's Department. On March 20 of that year, Mr. Welch called Detective John Edwards and informed him that he could purchase ecstacy from Defendant. Ecstacy is a common street name for MDMA, a Schedule I controlled substance. *See* Tenn. Code Ann. § 39-17-406(f)(2). Later that evening, Mr. Welch met Detective Edwards, Detective Sergeant John Lafevor, and Detective Diane Murray at a secure location. After Mr. Welch and his vehicle were searched for drugs, money and weapons, Mr. Welch paged Defendant on Detective Edwards' cell phone. Defendant responded to the page three or four minutes later and arranged for Mr. Welch to meet Defendant at his residence. The telephone conversation was recorded, and Detective Murray also wired Mr. Welch with a transmitter prior to his meeting with Defendant. Detective Edwards gave Mr. Welch $100 to make the buy, and he and the other detectives then followed Mr. Welch to Defendant's house.

Mr. Welch testified that he asked Defendant over the telephone for four "hits" of ecstacy. In response to his request, Defendant told Mr. Welch that "it" was mixed with heroin and that it was in powder form, not a pill. When Mr. Welch arrived at Defendant's residence, someone other than Defendant opened the door. Six or seven people were in the house, and the capsules were lying on the table in a baggie. Mr. Welch picked up the capsules and handed Defendant the money. Defendant again pointed out to Mr. Welch that the drugs were not "regular" because they were in powder form. However, Mr. Welch had never taken ecstacy and did not know what ecstacy normally looked like.

Once the purchase was completed, Mr. Welch drove back to the secure location followed by Detectives Lafevor and Murray. Detective Edwards remained on surveillance at Defendant's residence for a few minutes in case one of the occupants tried to follow Mr. Welch. Detective Edwards then proceeded to the secure location where Mr. Welch and his vehicle were searched again.

The substance purchased by Mr. Welch consisted of a brown powder packaged in clear capsules. At the time of the transaction, Detective Lafevor had been with the Wilson County Sheriff's Department's narcotics division for about two years. When he first observed the capsules purchased from Defendant, Detective Lafevor said that they did not resemble any type of ecstacy he had seen before and surmised that the capsules were diet supplements.

Detective Edwards, the lead investigator on the case, had worked in the narcotics division since around the end of 1997 and was promoted to an investigator position in 1999. Detective Edwards testified that he had attended various classes pertaining to narcotics and criminal

investigations and drug identification. He was also certified as a narcotics canine handler. Based on his experience in narcotics investigation, Detective Edwards said that ecstacy was usually sold in tablet form with a corporate logo such as the logos used by Mitsubishi and Mercedes embossed on the surface of the tablet. Detective Edwards testified that ecstacy was also found in powder form, and he had heard that the drug could be found in liquid form.

Kathy Carmen, a forensic drug chemist for the Tennessee Bureau of Investigation, testified as an expert on the chemical analysis of narcotics. Ms. Carmen testified that the substance received from Defendant was a brown powder packaged in clear capsules which did not contain any controlled substances.

On the basis of this evidence, the jury found Defendant guilty of selling a counterfeit controlled substance under Tennessee Code Annotated section 39-17-423. In his appeal, Defendant argues that the State failed to prove that the capsules sold by Defendant to Mr. Welch were substantially similar in color, shape, size and markings to ecstacy, the drug he was purportedly selling. Defendant contends that the evidence is insufficient to sustain his conviction because the State failed to prove this element of the offense.

When a defendant challenges the sufficiency of the convicting evidence, we must review the evidence in the light most favorable to the prosecution in determining whether a rational trier of fact could have found all the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789, 61 L. Ed. 2d 560 (1979). Once a jury finds a defendant guilty, his or her presumption of innocence is removed and replaced with a presumption of guilt. *State v. Black*, 815 S.W.2d 166, 175 (Tenn. 1991). The defendant has the burden of overcoming this presumption, and the State is entitled to the strongest legitimate view of the evidence along with all reasonable inferences which may be drawn from that evidence. *Id.; State v. Tuggle*, 639 S.W.2d 913, 914 (Tenn. 1982). The jury is presumed to have resolved all conflicts and drawn any reasonable inferences in favor of the State. *State v. Sheffield*, 676 S.W.2d 542, 547 (Tenn. 1984). Questions concerning the credibility of witnesses, the weight and value to be given the evidence, and all factual issues raised by the evidence are resolved by the trier of fact and not this court. *State v. Bland*, 958 S.W.2d 651, 659 (Tenn. 1997).

As relevant in this case, a person commits the offense of selling a counterfeit controlled substance if he or she represents the substance to be a controlled substance and the substance "is substantially similar in color, shape, size, and markings or lack thereof, to a Schedule I, II, III or IV controlled substance . . . in order that the substance may be sold as a controlled substance. Tenn. Code Ann. § 39-17-423. In response to Mr. Welch's request for ecstacy, Defendant told Mr. Welch on two separate occasions that "it" was in powder rather than tablet form, and that the powder also contained heroin. Detective Edwards testified that although ecstacy was usually sold in tablets which were embossed with a "trendy" corporate logo, ecstacy is also found in powdered form. He further stated that ecstacy is distributed in a variety of ways.

Defendant argues that this evidence is insufficient to sustain a conviction because the testimony fails to establish a substantial similarity between the substance sold by Defendant and the drug ecstacy. We disagree. Detective Edwards, based on his experience in narcotics, testified that ecstacy was sold in powdered as well as tablet form. This court has previously held that a narcotics officer may testify that a particular substance is substantially similar to a controlled substance. *State v. Carey*, 914 S.W.2d 93, 96 (Tenn. Crim. App. 1995); *see also State v. Anderson*, 644 S.W.2d 423, 424 (Tenn. Crim. App. 1982) (A law enforcement officer experienced in narcotics investigation may testify as to the identity of a controlled substance). It is the jury's duty to decide the credibility of witnesses and the weight to be given their testimony, and it is obvious that the jury accredited the testimony of Detective Edwards. Although brief, the testimony presented in this matter provided a sufficient basis upon which a rational jury could find Defendant guilty of selling a counterfeit substance beyond a reasonable doubt. This issue is without merit.

## 2. Sentencing Issues

Defendant argues next that the trial court erred in sentencing him. When a defendant challenges the length or the manner of service of his or her sentence, this Court must conduct a *de novo* review with a presumption that the determinations made by the trial court are correct. Tenn. Code Ann. § 40-35-401(d); *State v. Imfeld*, 70 S.W.3d 698, 704 (Tenn. 2002). This presumption, however, is contingent upon an affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances. *State v. Pettus*, 986 S.W.2d 540, 543-44 (Tenn. 1999). If the record fails to show such consideration, the review of the sentence is purely *de novo*. *State v. Shelton*, 854 S.W.2d 116, 123 (Tenn. Crim. App. 1992).

In making its sentencing determinations the trial court must consider: (1) the evidence presented at the trial and sentencing hearing; (2) the pre-sentence report; (3) the principles of sentencing and arguments as to sentencing alternatives; (4) the nature and characteristics of the criminal conduct; (5) any appropriate enhancement and mitigating factors; (6) the defendant's potential or lack of potential for rehabilitation or treatment; and (7) any statements made by Defendant on his own behalf. Tenn. Code Ann. §§ 40-35-103 and -210; *State v. Williams*, 920 S.W.2d 247, 258 (Tenn. Crim. App. 1995). If the trial court has imposed a lawful sentence by following the statutory sentencing procedure, given due consideration and proper weight to the factors and sentencing principles, and made findings of fact adequately supported by the record, this Court may not modify the sentence even if it would have preferred a different result. *State v. Fletcher*, 805 S.W.2d 785, 789 (Tenn. Crim. App. 1991). The defendant bears the burden of showing that his sentence is improper. Tenn. Code Ann. § 40-35-401(d) Sentencing Commission Comments; *State v. Ashby*, 823 S.W.2d 166, 169 (Tenn. 1991).

A. Alternative Sentencing

First, Defendant contends that the trial court erred in not granting him alternative sentencing. Defendant was convicted of the sale of marijuana of not less than one-half ounce nor more than ten pounds and sale of a counterfeit controlled sentence. Both offenses are Class E felonies. Defendant

was sentenced to two years as a Range I standard offender for each felony conviction. An especially mitigated or standard offender convicted of a Class C, D or E felony who does not fall within the category of offenders for whom incarceration is a priority is presumed to be a favorable candidate for alternative sentencing in the absence of evidence to the contrary. Tenn. Code Ann. § 40-35-102(6). Unless sufficient evidence rebuts this presumption, the trial court must presume "that a sentence other than incarceration would result in successful rehabilitation." *State v. Byrd*, 861 S.W.2d 377, 379-80 (Tenn. Crim. App. 1993); *see also* Tenn. Code Ann. § 40-35-303(a). As a standard offender convicted of a Class E felony, Defendant is presumed to be an eligible candidate for alternative sentencing.

However, not all eligible offenders are entitled to alternative sentencing. The statutory presumption of an alternative sentence may be overcome if:

(A) [c]onfinement is necessary to protect society by restraining a defendant who has a long history of criminal conduct;
(B) [c]onfinement is necessary to avoid depreciating the seriousness of the offense or confinement is particularly suited to provide an effective deterrence to others likely to commit similar offenses; or
(C) [m]easures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant. . . .

Tenn. Code Ann. § 40-35-103(1). In determining which sentencing alternative is appropriate for a defendant, the trial court may also consider the defendant's potential or lack of potential for rehabilitation as well as any relevant mitigating and enhancing factors. *Id.* §§ 40-35-103(5), -113, -114, -210(b)(5). Sentencing is highly individualized and must be determined on a case-by-case basis based on the facts and circumstances of the case and the defendant before the court. *State v. Dowdy*, 894 S.W.2d 301, 305 (Tenn. Crim. App. 1994); *State v. Moss*, 727 S.W.2d 229, 235 (Tenn. 1986).

Defendant argues that the trial court failed to adhere to the sentencing principles and to consider the facts and circumstances peculiar to Defendant's case in its discussion of alternative sentencing. Furthermore, although the trial court discussed the possibility of full probation, it failed to consider any other form of alternative sentencing such as split confinement which includes a period of incarceration followed by probation for the remainder of the sentence or participation in the community corrections program.

With certain exceptions, a defendant whose imposed sentence is eight years or less is eligible for probation. Tenn. Code Ann. § 40-35-303(a). Even though eligible, however, a defendant is not automatically entitled to probation. *Id.*, Sentencing Commission Comments. The defendant bears the burden of establishing his or her suitability for probation. *Id.* § 40-35-303(b); *Ashby*, 823 S.W.2d at 169. Correspondingly, even though a defendant meets the minimum eligibility standards for participation in the community corrections program, this does not guarantee the defendant an admission to the program. *State v. Taylor*, 744 S.W.2d 919, 922 (Tenn. Crim. App. 1987).

In determining whether to grant or deny probation or other forms of alternative sentencing, the trial court may consider the circumstances of the offense, the defendant's criminal record, background and social history, the defendant's physical and mental health, the deterrent effect on other criminal behavior and whether probation is in the best interests of both the public and the defendant. *State v. Parker*, 932 S.W.2d 945, 958 (Tenn. Crim. App. 1996).

It appears from the record that the trial court, on the whole, considered Defendant's personal history, and the facts and circumstances surrounding the commission of the offenses. Based on this review, the trial court concluded that Defendant's previous unsuccessful attempts at rehabilitation as well as his continuing drug use gave little assurance that Defendant would abide by the terms of any probation if such alternative was extended to him. The trial court further based its decision to incarcerate Defendant on the need to protect society from Defendant as a result of his history of criminal conduct. *See* Tenn. Code Ann. § 40-35-103(1)(A).

Although the record does not show that the trial court specifically ruled that the evidence sufficiently rebutted the presumption that Defendant was eligible for alternative sentencing, the trial court did discuss several significant negative factors which would support its conclusion. Based on the pre-sentence report, Defendant was arrested for possession of marijuana with the intent to sell on December 11, 1998. In April 1999, before Defendant was convicted of the drug charge, Defendant was arrested for vandalism and assault, both misdemeanor charges. On July 16, 1999, Defendant was convicted for the offense committed on December 11, 1998, and placed on eighteen months probation. While on probation, Defendant committed the offenses that led to his convictions and subsequent appeal in the instant case. This record is sufficient to support a finding that measures less restrictive than confinement have recently been unsuccessful. During the preparation of the pre-sentence report in the case *sub judice*, Defendant also admitted that he could not pass a drug screening test because he had used marijuana within the last three or four days. Moreover, Defendant said that he continued to use marijuana three or four times a week.

In Defendant's favor, the record shows that Defendant is employed, engaged to be married and recently became a father. The pre-sentence report indicates that Defendant is willing to stop using marijuana if the trial court places him on probation. Defendant argues that the trial court improperly characterized his offenses as serious when his most serious conviction was only a Class E felony. It appears from the record that the trial judge merely expressed an opinion that he would prefer to return to the days when possession of marijuana was a Class B felony. Nonetheless, within a span of two years, Defendant was arrested and convicted for two misdemeanor offenses and two Class E felonies, and both of the felony offenses were related to drugs. Moreover, Defendant has continued to use marijuana in contravention of the law up to the time of the sentencing hearing. *See State v. Bottoms*, 87 S.W.3d 95, 101 (Tenn. Crim. App. 2001). Based on our review, the record shows that the presumption of alternative sentencing of any type was sufficiently rebutted in this case.

B. Application of Enhancement and Mitigating Factors to Defendant's Sentence.

Defendant argues that his sentence was excessive as a result of the trial court's improper application of enhancing factors and its failure to consider mitigating factors in determining the length of Defendant's sentence.

At the time of the sentencing hearing, there were twenty-two statutory enhancement factors listed in Tennessee Code Annotated section 40-35-114. Subsequently, in Public Acts 2002, ch. 849, § 2, the legislature added a twenty-third enhancement factor, but listed it as enhancement factor (1) and renumbered previous factors (1) through (22) as (2) through (23). *See* Tenn. Code Ann. § 40-35-114 (Supp. 2002). In this opinion, we will refer to the enhancement factors of Tennessee Code Annotated section 40-35-114 as they existed at the time of the sentencing hearing.

The presumptive sentence to be imposed for a Class B, C, D or E felony is the minimum within the applicable range unless there are enhancement or mitigating factors present. Tenn. Code Ann. § 40-35-210(c). If there are enhancement or mitigating factors, the court must start at the presumptive sentence, enhance the sentence as appropriate for the enhancement factors, and then reduce the sentence in the range as appropriate for the mitigating factors. *Id.* § 40-35-210(e). The weight to be given each factor is left to the discretion of the trial court. *State v. Shelton*, 854 S.W.2d 116, 123 (Tenn. Crim. App. 1992).

At the conclusion of Defendant's sentencing hearing, the trial court applied three enhancement factors: (a) Defendant has a previous history of criminal convictions or behavior; (b) Defendant has a previous history of unwillingness to comply with the conditions of a sentence involving release in the community; and (c) the offenses were committed while Defendant was on probation as a result of a prior felony conviction. Tenn. Code Ann. § 40-35-114(1), (8) and (13)(C). Defendant argues in his brief that the trial court erroneously applied factor (3), the offense involved more than one victim, but the record shows that the trial court did not find this factor applicable to Defendant's situation. Although it appeared reluctant to do so, the trial court found that the fact that Defendant did not cause anyone serious bodily injury as a mitigating factor, although it extended little weight to the factor. After consideration of the enhancement factors listed above, the trial court sentenced Defendant to two years, the maximum of the range for a Range I standard offender convicted of a Class E felony.

Defendant first argues that enhancement factors (8) and (13) are based upon the same fact pattern and therefore should not both be used to increase Defendant's sentence. Under the facts of this case, we agree. An offender's sentence may be enhanced if the defendant has shown a previous unwillingness "to comply with the conditions of a sentence involving release in the community." *Id.* -114(8). This Court, however, has concluded that current offenses may not ordinarily be used to establish a previous history of probation violation, under this factor. *State v. Hayes*, 899 S.W.2d 175, 186 (Tenn. Crim. App. 1995). Although Defendant was arrested twice on misdemeanor charges in April 1999, he had not yet been convicted on the first drug related charge at the time the misdemeanor offenses were committed. His first probation resulting from his felony conviction for the December 11, 1998 offense began July 16, 1999. Only the current offenses, therefore, were committed while he was on probation, and factor (8) is not applicable.

A sentence, however, may be properly enhanced if a felony offense is committed while the offender is on probation for a prior felony conviction. Tenn. Code Ann. § 40-35-114(13)(C). Defendant committed the current offenses on November 2, 1999 and March 20, 2000, respectively, while on probation. *Id.* -114(13). Factor 13 is therefore applicable.

Defendant next contends that the trial court erred in not considering as mitigating factors Defendant's youth and the fact that the offense did not cause anyone serious bodily injury. Tenn. Code Ann.§ 40-35-113(1) and (6). First, we note that the trial court did consider factor (1) as a mitigating factor but accorded it little weight. We reiterate that the weight assigned to any particular mitigating factor is left to the discretion of the trial court. The record supports the trial court's conclusion.

When determining whether the Defendant lacked substantial judgment in committing the offense because of his youth, the trial court should consider "the defendant's age, education, maturity, experience, mental capacity or development, and any other pertinent circumstance tending to demonstrate the defendant's ability or inability to appreciate the nature of his conduct." *State v. Adams*, 864 S.W.2d 31, 33 (Tenn. 1993). At the time of the offense, Defendant was nineteen years old and a high school graduate. As discussed at the sentencing hearing, this was not Defendant's first offense involving drugs nor had Defendant ceased to use drugs prior to his sentencing hearing. The record is devoid of any evidence supporting Defendant's contention that he lacked substantial judgment in committing the offense.

Even though we conclude that the trial court improperly considered factor (8) in its sentencing determinations, the applicability of two enhancement factors and the minimal weight assigned the one mitigating factor support Defendant's sentence of two years for each of the Class E felonies. *See State v. Spratt*, 31 S.W.3d 587, 609 (Tenn. Crim. App. 2000).

## CONCLUSION

After a careful review of the record, the judgments of the trial court are affirmed.

_____
THOMAS T. WOODALL, JUDGE