# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT NASHVILLE

### JANUARY 1999 SESSION

FILED

April 8, 1999

Cecil W. Crowson
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | |
| | ) | C.C.A. NO. 01C01-9706-CC-00210 |
| Appellee, | ) | |
| | ) | LEWIS COUNTY |
| VS. | ) | |
| | ) | HON. HENRY DENMARK BELL, |
| MARTY CROUCH, | ) | JUDGE |
| | ) | |
| Appellant. | ) | (Sufficiency of the Evidence and Sentencing) |

FOR THE APPELLANT:                    FOR THE APPELLEE:


**THOMAS H. MILLER**                   **JOHN KNOX WALKUP**
P.O. Box 681662                        Attorney General & Reporter
Franklin, TN 37068-1662
    (On Appeal)                     **TIMOTHY BEHAN**
                                       Asst. Attorney General
**JAMES E. BROCKMAN**                  Cordell Hull Bldg., 2nd Fl.
P.O. Box 25                            425 Fifth Ave., North
Parsons, TN 38363                      Nashville, TN 37243-0493
    (At Trial)

                                       **RON DAVIS**
                                       District Attorney General

                                       **DONALD W. SCHWENDIMANN**
                                       Asst. District Attomey General
                                       481 East Main St.
                                       Hohenwald, TN 38462


OPINION FILED:_____


**AFFIRMED**


**JOHN H. PEAY,**
Judge

**O P I N I O N**

On February 22, 1996, the defendant was found guilty by a jury of one count of possession of marijuana, one count of possession of drug paraphernalia, and one count of possession of a handgun by one who has been convicted of a felony drug offense. The defendant was subsequently sentenced to a term of eleven months, twenty-nine days with regard to the possession of marijuana and drug paraphernalia and a term of three years with regard to the possession of a handgun. These sentences were to run concurrently to each other and were to be served in the Tennessee Department of Correction. The defendant now appeals and presents the following issues for our review:

> (1) Is the evidence contained in the record sufficient to support a finding by a rational trier of fact that the defendant is guilty of possession of drug paraphernalia beyond a reasonable doubt; and
>
> (2) Did the trial court improperly apply enhancing and mitigating factors and thereby impose an excessive sentence?

After a review of the record and applicable law, we affirm the judgment of the trial court.

On September 5, 1995, the Lewis County Sheriff's Department executed a search warrant for the defendant's home. During the search, the police found 1.1 grams of marijuana, a container in the refrigerator containing a marijuana bud, a coffee can containing marijuana seeds, hemostats, a "pneumatic type fitting," and a wooden block with two holes drilled in it. The defendant returned home while the search was in progress and a loaded handgun was subsequently found in the backseat of his vehicle.

According to Deputy Wix, a deputy with the Lewis County Sheriff's Department, hemostats are a type of medical clamp commonly used to smoke the last part of a marijuana "joint." Deputy Wix also testified that the pneumatic fitting found in the defendant's home is a slip-on fitting that is also used to smoke the last part of a marijuana

2

joint. The wooden block with holes drilled in it is commonly used for the same purpose. Deputy Wix further testified that, in his opinion, the wooden block contained marijuana residue evidenced by the distinct odor of marijuana.

The defendant first contends that the record contains insufficient evidence to support a finding by a rational trier of fact that the defendant is guilty of possession with the intent to use drug paraphernalia beyond a reasonable doubt. A defendant challenging the sufficiency of the proof has the burden of illustrating to this Court why the evidence is insufficient to support the verdict returned by the trier of fact in his or her case. This Court will not disturb a verdict of guilt for lack of sufficient evidence unless the facts contained in the record and any inferences which may be drawn from the facts are insufficient, as a matter of law, for a rational trier of fact to find the defendant guilty beyond a reasonable doubt. State v. Tuggle, 639 S.W.2d 913, 914 (Tenn. 1982).

When an accused challenges the sufficiency of the convicting evidence, we must review the evidence in the light most favorable to the prosecution in determining whether "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979). We do not reweigh or re-evaluate the evidence and are required to afford the State the strongest legitimate view of the proof contained in the record as well as all reasonable and legitimate inferences which may be drawn therefrom. State v. Cabbage, 571 S.W.2d 832, 835 (Tenn. 1978).

Questions concerning the credibility of witnesses, the weight and value to be given to the evidence, as well as factual issues raised by the evidence are resolved by the trier of fact, not this Court. Cabbage, 571 S.W.2d 832, 835. A guilty verdict rendered by the jury and approved by the trial judge accredits the testimony of the witnesses for the

3

State, and a presumption of guilt replaces the presumption of innocence. State v. Grace, 493 S.W.2d 474, 476 (Tenn. 1973).

The defendant argues that the evidence failed to establish that the items seized from his residence were in his possession for the purpose of drug use. The defendant bases this contention on the fact that Deputy Wix's testimony was the only evidence indicating that the wooden block found in his home was used to smoke marijuana. The defendant challenges Deputy Wix's qualifications with regard to narcotics identification.

Deputy Wix testified that, in his opinion, the residue found in the wooden block was marijuana residue. He based this opinion on training he received in two narcotics investigative schools and a police academy course. Deputy Wix further testified that he had been involved with other narcotics cases in his career and had had experience identifying marijuana. In light of the foregoing, Deputy Wix was qualified to testify as to whether the substance in the wooden block was marijuana. See State v. Anderson, 644 S.W.2d 423, 424 (Tenn. Crim. App. 1982); see also State v. Doelman, 620 S.W.2d 96, 99 (Tenn. Crim. App. 1981); Armstrong v. State, 548 S.W.2d 334, 337 (Tenn. Crim. App. 1976). As it is within the province of the jury to decide the credibility of witnesses and the weight to be given to their testimony, it was proper for the jury to accredit the testimony of Officer Wix. This contention is without merit.

The defendant next contends that his sentence is excessive. When a defendant complains of his or her sentence, we must conduct a de novo review with a presumption of correctness. T.C.A. § 40-35-401(d). The burden of showing that the sentence is improper is upon the appealing party. T.C.A. § 40-35-401(d) Sentencing Commission Comments. This presumption, however, "is conditioned upon the affirmative

4

showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991).

The Sentencing Reform Act of 1989, codified at T.C.A. § 40-35-210, established a number of specific procedures to be followed in sentencing. This section mandates the court's consideration of the following:

> (1) The evidence, if any, received at the trial and the sentencing hearing; (2) [t]he presentence report; (3) [t]he principles of sentencing and arguments as to sentencing alternatives; (4) [t]he nature and characteristics of the criminal conduct involved; (5) [e]vidence and information offered by the parties on the enhancement and mitigating factors in §§ 40-35-113 and 40-35-114; and (6) [a]ny statement the defendant wishes to make in his own behalf about sentencing.

T.C.A. § 40-35-210.

In addition, this section provides that the minimum sentence within the range is the presumptive sentence. If there are enhancing and mitigating factors, the court must start at the minimum sentence in the range and enhance the sentence as appropriate for the enhancement factors and then reduce the sentence within the range as appropriate for the mitigating factors. If there are no mitigating factors, the court may set the sentence above the minimum in that range but still within the range. The weight to be given to each factor is left to the discretion of the trial judge. State v. Shelton, 854 S.W.2d 116, 123 (Tenn. Crim. App. 1992).

The Act further provides that "[w]henever the court imposes a sentence, it shall place on the record either orally or in writing, what enhancement or mitigating factors it found, if any, as well as findings of fact as required by § 40-35-209." T.C.A. § 40-35-210(f) (emphasis added). Because of the importance of enhancing and mitigating factors under the sentencing guidelines, even the absence of these factors must be recorded if

5

none are found. T.C.A. § 40-35-210 comment. These findings by the trial judge must be recorded in order to allow an adequate review on appeal.

As the trial court here failed to place on the record findings of fact with regard to the applicable enhancement and mitigating factors, the trial court's determinations are not entitled to a presumption of correctness. T.C.A. § 40-35-210(f). As such, our review of the sentence is simply de novo.

The trial court applied enhancement factor (1), that the defendant has a previous history of criminal convictions or criminal behavior in addition to those necessary to establish the appropriate range, and enhancement factor (8), that the defendant has a previous history of unwillingness to comply with the conditions of a sentence involving release in the community. T.C.A. § 40-35-114(1), (8). The trial court found no applicable mitigating factors.

The defendant contends that the trial court should not have used enhancement factor (8) to enhance his sentences. Specifically, the defendant argues that the State failed to introduce any evidence that the defendant has a previous history of unwillingness to comply with the conditions of a sentence involving release in the community. However, the presentence report was made an exhibit at the sentencing hearing. The report indicates that the defendant has been convicted of several crimes while serving probation. The defendant did not contest this fact at the sentencing hearing. As such, this factor was properly used to enhance the defendant's sentences.

The defendant also contends that the trial court erred when it failed to apply mitigating factor (1), that the defendant's conduct neither caused nor threatened serious bodily injury. T.C.A. § 40-35-113(1). However, the defendant was convicted of possession

6

of a handgun by one who has been convicted of a felony drug offense. The gun was in the middle of the backseat of his car, easily within reaching distance when he arrived home to find the police searching his residence. In addition, the gun was loaded. These facts do not support the application of this mitigating factor. As such, this contention is without merit.

In light of the foregoing applicable enhancement factors and lack of applicable mitigating factors, we find the trial court's sentence of eleven months and twenty-nine days with regard to possession of marijuana and drug paraphernalia and the term of three years with regard to possession of a handgun by one convicted of a felony drug offense is entirely proper.

In sum, we find that the evidence is sufficient to support the defendant's conviction for possession of drug paraphernalia and that the trial court did not commit error in sentencing the defendant. Accordingly, the judgment of the trial court affirmed.

_____
JOHN H. PEAY, Judge

CONCUR:

_____
DAVID H. WELLES, Judge

_____
JERRY L. SMITH, Judge

7